PER CURIAM.
In this workers’ compensation case, claimant Billy D. Coney raises two issues concerning the determination of his average weekly wage (AWW) and payment of temporary total disability (TTD) benefits.[1] We reverse and remand.
Claimant, who was incarcerated at the time of the telephone hearing, filed a claim for benefits on May 30,1991, alleging that he was owed payment of (TTD) benefits for the periods November 3, 1989, through November 16, 1989, and October 6, 1989, through October 19, 1989. Mr. Coney claimed that the checks for these two time periods were either lost or stolen. Appellant now concedes that the Department of Corrections received one of these checks on his behalf. At the time of the hearing, however, appellant did not know which of the two payments had been received.
At hearing, the testimony and evidence revealed a discrepancy as to claimant’s average weekly wage. Claimant testified that he was hired to work ten hours a day at $8.60 per hour plus $1.26 in fringe benefits. The e/c produced three different BCL-4 forms. The employer’s first BCL-4 form, dated November 3, 1988, states claimant’s average weekly wage as $393.68. The second BCL-4 form, dated December 28, 1988, states the AWW as $359.20. The third BCL^t form, dated February 16,1989, states the AWW as $354.40. According to the claims adjustor, the second BCL-4 form was based upon information provided by the ironworkers’ union and a field superintendent from Rebar. The e/c’s attorney at first claimed this to be the correct AWW. The third BCL-4 form was based upon figures provided by Ms. Farner, the wife of the employer’s field superintendent. The claims adjustor testified that Ms. Farner stated that claimant was hired at $7.60 per hour. The claims adjustor, however, did not testify as to a value of claimant’s fringe benefits as provided by Ms. Farner. The e/c’s attorney later claimed that the third BCL-4 form, in fact, represented the correct AWW. The attorney argued that Ms. Farner provided the information that claimant was hired at $7.60 per hour plus $1.26 in fringe benefits.
The JCC issued an order finding that claimant’s average weekly wage was $354.40, in accordance with the third BCL-4 form. The JCC also found that the e/c had indeed paid the benefits due claimant for the period October 6, 1989, through October 19, 1989, stating:
I find that the cheek [for the period October 6,1989, through October 19, 1989] was paid, as shown by the computer printout showing the disbursement for “reissue of forged check” dated January 7, 1992, and by the copy of the check which was presented to me at the hearing, which was endorsed on the back as being deposited to the Inmate Bank Fund at Tomoka Correctional Institution where the claimant is incarcerated.
On appeal, claimant argues, though unartfully, that the JCC’s findings with respect to his AWW and the payment of disputed TTD benefits are not supported by competent, substantial evidence. Addressing first the question of the payment of TTD benefits, we conclude that the JCC’s finding *661 is not supported by competent, substantial evidence. The transcript of the hearing reveals that the only endorsed cheek presented to the JCC was one attached to a letter dated June 18, 1991. The JCC stated on the record that this cheek was for the period December 29, 1989, through January 11, 1990, and was endorsed by the Department of Corrections. Thus, the cheek presented to the JCC was not relevant to either of the time periods brought into question by the claim. We further find that the computer printout indicating reissuance of a forged check was insufficient to constitute proof of payment.
Similarly, the JCC’s finding with respect to claimant’s average weekly wage is not supported by competent, substantial evidence. At the hearing, the e/c’s claims adjuster produced evidence in support of the second BCL-4 form establishing claimant’s average weekly wage at $359.20. The contention that claimant’s AWW was $354.40, as indicated in the third BCL-4 form was not adequately supported by the evidence. Although the claims adjustor testified that Ms. Farner informed her that claimant was hired at $7.60 per hour, the adjustor did not testify as to the value of claimant’s fringe benefits. The only relevant comment on the value of the fringe benefits as stated in the third BCL-4 form was provided by the e/c’s attorney. Such argument does not constitute evidence.
REVERSED and REMANDED for further consistent proceedings.
BARFIELD, MINER and MICKLE, JJ., concur.

. Claimant also raises three other issues which we decline to address.